1

2

3

4

5

6           IN THE UNITED STATES DISTRICT COURT FOR THE

7                    EASTERN DISTRICT OF CALIFORNIA

8

UNTIED STATES for the use of HAJOCA      )
9  CORPORATION,                           )
                                          )        1: 12-cv-1287-AWI-BAM
10                                         )
              Plaintiff,                   )        FINDINGS AND RECOMMENDATIONS
11                                         )        GRANTING PLAINTIFF'S MOTION
         vs.                               )        FOR DEFAULT JUDGMENT
12                                         )
                                          )        (Docs. 28, 31)
13  AEROPLATE CORPORATION, MARY            )
   WILLIAMS and RONALD D.                  )
14  PATTERSON,                             )
                                          )
15                                         )
              Defendants.                  )
16  _____)

17

18        On March 15, 2013, Plaintiff United States for the use of Hajoca Corporation ("Plaintiff") filed

19  a Motion for Default Judgment against Aeroplate Corporation, Mary Williams, and Ronald D. Patterson

20  ("Defendants") (Doc. 28).  Defendants have not responded to the motion or otherwise appeared in this

21  lawsuit.  The motion was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule

22  302.  The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule

23  230(g), and vacated the hearing scheduled for April 26, 2013. (Doc. 32).  For the reasons that follow,

24  the Court recommends that Plaintiff's motion should be GRANTED.

25                                  **BACKGROUND**

26        On August 8, 2012, use Plaintiff Hajoca Corporation filed a complaint asserting claims against

27  Defendants Aeroplate Corporation, Ronald D. Patterson and Mary Williams for several causes of action

28  including breach of contract and for claims on a payment bond under 40 U.S.C. §§ 3131 *et seq.*,

1

violations of the Miller Act.  Plaintiff's  Complaint, Doc. 1.  Plaintiff Hajoca Corporation d.b.a. Weinstein Supply ("Hajoca") is a Maine corporation selling plumbing goods and materials. Compl. ¶ 5. Defendant Aeroplate Corporation ("Aeroplate") is a licensed general contracting company performing new construction, renovation and repair on commercial and industrial projects for government agencies. Aeroplate was the prime contractor on the project known as the "VA Medical Center Renovation" contract # VA244-c-1453 located in Philadelphia, Pennsylvania ("the Project"). Compl.¶ 4.  Pursuant to the Miller Act, 40 U.S.C. §§ 3131 *et seq*., Aeroplate was required to secure a payment bond in the value of the contract to make prompt payment to Aeroplate's suppliers.  As the general contractor on the Project, Aeroplate  entered into a payment bond with Defendant Ronald D. Patterson ("Patterson"), an individual doing business as a surety and residing in Fresno County.  As the surety on the payment bond, Patterson guaranteed payment to all persons supplying labor and/or materials to Aeroplate on the Project. Compl. ¶ 4.  Defendant Mary Williams, President of Aeroplate Corporation, executed a personal guarantee in favor of Plaintiff, personally guaranteeing any and all obligations incurred by Defendant Aeroplate.

According to the Complaint, on July 30, 2010, Aeroplate was awarded a contract by the United States Veterans Administration to construct a work improvement on the Project.  Compl. ¶ 31.  On November 1, 2010, Hajoca entered into a written credit agreement with Aeroplate, which was to govern all transactions between Hajoca and Aeroplate where Plaintiff agreed to provide plumbing, heating, air conditioning, and/or related materials for the Project.  Declaration of Joy Banks ("Banks Decl.") (Doc. 26-1) ¶ 5.  On May 5, 2011, Hajoca caused plumbing materials to be delivered to Aeroplate for the Project.  Between May 5, 2011 and September 1, 2011, Hajoca invoiced Aeroplate for the plumbing materials delivered in the total amount of $58,010.00.  Compl. ¶ 10.   Defendants have not submitted any money owed and more than 90 days of non-payment have elapsed on the amount owed by Defendants.

Defendants Mary Williams and Aeroplate were served with a copy of the summons and complaint by personal service on August 30, 2012. (Docs. 15, 16).  Defendant Ronald D. Patterson was served with a copy of the Complaint by personal service on September 11, 2012.  (Doc. 17).  On December 18, 2012, after Defendants failed to answer or otherwise defend against this action, upon

1   Plaintiff's Motion, the Clerk entered default against Defendants.  (Docs. 21, 22, 23).  Plaintiff filed its

2   Motion for Default Judgment on March 15, 2013. (Docs. 28, 31).

3        Plaintiff's motion seeks default judgment in the amount of $58,010.00  on the six claims in its

4   complaint: (1) goods sold and delivered; (2) open book account; (3) account stated; (4) breach of

5   contract; (5) breach of personal guarantee; and (6) violations of the Miller Act.  Defendants did not

6   oppose this motion.  The Court has reviewed the motion, the exhibits and affidavits, and the applicable

7   law, and is sufficiently advised on the issues involved.

8                                    **LEGAL STANDARD**

9        Pursuant to Federal Rule of Civil Procedure 55(b)(2), a plaintiff can apply to the court for a

10  default judgment against a defendant that has failed to plead or otherwise defend against the action. FED.

11  R. CIV. P. 55(b)(2).  "Upon default, the well-pleaded allegations of a complaint relating to liability are

12  taken as true." *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323

13  (7th Cir. 1983); *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).  Thus, "[a]t

14  the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed admitted." 10

15  J. Moore, MOORES FEDERAL PRACTICE § 55.11 (3d ed. 2000).

16       Factors which may be considered by courts in exercising discretion as to the entry of a default

17  judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive

18  claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility

19  of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the

20  strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*

21  *v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

22       Although well-pleaded allegations in the complaint are admitted by a defendant's failure to

23  respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are

24  not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992)

25  (*citing Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)); *accord DIRECTV, Inc. v. Huynh*, 503

26  F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to

27  admit conclusions of law" (citation and quotation marks omitted)).

28

                                              3

**DISCUSSION**

**A.      Service of Process and Jurisdiction**

Service of process against Defendants was adequate. None of the Defendants are infants, incompetent persons, in military service, or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940.  Defendant Mary Williams was properly served with the complaint and summons by personal service at her home in Fresno, California on August 30, 2012. (Doc. 15).   Williams' answer was due by September 20, 2012.  *Id.*  Williams failed to answer and on December 18, 2012, the clerk entered default against her. (Doc. 23). Defendant Aeroplate Corporation was served with the complaint and summons through personal service on Mary H. Williams, President of Aeroplate Corporation on August 30, 2012. (Doc. 16).  Aeroplate's answer was due by September 20, 2012.  *Id.*  Aeroplate failed to answer and on December 18, 2012, the clerk entered default.  (Doc. 21).    Defendant Ronald D. Patterson was properly served with the complaint and summons by personal service at his home in Fresno, California on September 11, 2012. (Doc. 17).   Patterson's answer was due by October 2, 2012. *Id.*  Patterson failed to answer and on December 18, 2012, the clerk entered default against him.  (Doc. 22).

The allegations in the complaint are sufficient to establish subject matter jurisdiction in this Court pursuant to 28 U.S.C. § 1331.  Pursuant to 28 U.S.C. §§ 1331 and 1352, the Court has subject matter jurisdiction because this action was brought, in part, under the Miller Act, 40 U.S.C. § 3133. Plaintiff supplied materials to a federal work of improvement as alleged in the Complaint.    As a materials supplier on a federal construction project, Plaintiff is entitled to recovery on the payment bond pursuant to 40 U.S.C. §§ 3133(a), 3133(b)(1), and 3133(b)(2).   Personal jurisdiction arises from Defendants' commercial activities within California.

**B.      The Eitel Factors**

Having considered the *Eitel* factors as discussed below, the Court finds that default judgment is appropriate as to Plaintiff's claims.

**1.      Possibility of Prejudice to Plaintiff**

The first  Eitel factor considers whether Plaintiff would suffer prejudice if default judgment is not entered.  *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1177 (C.D. Cal. 2002).  As

4

Defendants have not answered the complaint and have not appeared in this action, Plaintiff will suffer prejudice if default judgment is not entered. In particular, Plaintiff's ability to collect the outstanding amount due and owing pursuant to the agreement will be jeopardized if a judgment is not entered against Defendants. This factor weighs in favor of default judgment.

### 2.    Substantive Merits and Sufficiency of the Complaint

The second and third *Eitel* factors are (1) the merits of the substantive claims and (2) the sufficiency of the complaint. The Court considers the merits of Plaintiff's substantive claims and the sufficiency of the complaint together because of the relatedness of the two inquiries. As seen below, the Court finds that Plaintiff's claims have been sufficiently plead and have substantive merit. These two factors thus weigh in favor of granting Plaintiff's motion. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1175.

### i.    Goods Sold and Delivered

Plaintiff's first claim is for goods sold and delivered. Plaintiff alleges that Defendants became indebted to Plaintiff for goods sold and delivered by Plaintiff to Defendant; Plaintiff was entitled to payment for the delivered goods pursuant to the agreement between the parties, and at the time of the motion the total amount owed was $58,010.00. Compl. ¶¶ 1-8.

For a goods sold and delivered claim, it is sufficient to allege that the defendant was indebted to the plaintiff at a specific time in a stated sum on an account for goods sold and delivered by the plaintiff to the defendant at the defendant's request, and no part of the debt was paid. *Abadie v. Carrillo*, 32 Cal. 172, 175 (Cal. 1867). However, with respect to a common count for goods sold and delivered and for services rendered, even the consideration, request, and promise may be implied where the circumstances warrant it. *Preston v. Central California Water & Irrigation Co.*, 11 Cal.App. 190, 195-96, 104 P. 462 (1909).

Plaintiff has adequately pled this claim. Compl. ¶¶ 1-8.

### ii.    Open Book Account

Under California law, a "book account" is defined as:

a detailed statement which constitutes the principal record of one or more transactions between a debtor and a creditor arising out of a contract or some fiduciary relation, and shows the debits and credits in connection therewith, and against whom and in favor of whom entries are made, is entered in the regular course of business as conducted by such creditor or fiduciary, and is kept in a reasonably permanent form and manner and is (1) in a bound book, or (2) on a sheet or sheets fastened in a book or to backing but

5

detachable therefrom, or (3) on a card or cards of a permanent character, or is kept in any other reasonably permanent form and manner.

Cal. Code of Civ. Proc. § 337a. A claim on an open book account is proper "whenever the plaintiff claims a sum of money due, either as an indebtedness in a sum certain, or for the reasonable value of services, goods, etc., furnished." *Kawasho In't, U.S.A. v. Lakewood Pipe Svc., Inc.*, 152 Cal.App.3d 785, 793, 201 Cal.Rptr. 640 (1983).

Plaintiff alleges that within the last two years Aeroplate "became indebted to Plaintiff on an open book account for money due in the sum of $58,010.00 for the furnishing of plumbing, heating and/or air-conditioning materials and related products sold and delivered by Plaintiff to Defendants." Compl. ¶ 10; Ex. 1, Doc. 8.  Plaintiff has stated a claim for open book account.

### iii.    Account Stated

An account stated claim has three elements: "(1) previous transactions between the parties establishing the relationship of debtor and creditor; (2) an agreement between the parties, express or implied, on the amount due from the debtor to the creditor; and (3) a promise by the debtor, express or implied, to pay the amount due." *Zinn v. Fred R. Bright Co.*, 271 Cal.App.2d 597, 600, 76 Cal. Rptr. 663 (1969). "In the usual situation, it comes about by the creditor rendering a statement of the account to the debtor. If the debtor fails to object to the statement within a reasonable time, the law implies his agreement that the account is correct as rendered." *Id.*

Plaintiff has alleged an agreement with Defendants in the amount of $58,010.00 for plumbing materials.  Plaintiff issued a demand for payment on the statement of account to Defendants regarding the amount due and owing.  Compl. ¶ 13; Ex. 1, Doc. 8.  There is no indication that Defendants objected to the amount due and owing and Defendants have not appeared in this action to contest the statement of account.  Plaintiff has adequately pled this claim.

### iv.    Breach of Contract

In California, to establish a breach of contract claim, a plaintiff must plead: (1) the existence of contract; (2) plaintiff's performance or excuse for non-performance; (3) defendant's breach; and (4) damage to plaintiff resulting from the breach. *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F.Supp.2d 1039, 1059 (N.D. Cal. 2010).

According to the complaint, Plaintiff entered into a written credit agreement with Aeroplate

6

Corporation, in  which Plaintiff agreed to sell and Defendants agreed to buy certain construction goods from Plaintiff.   The agreement provides, in part, that in the event that credit is extended to Defendants, payment will be made on all invoices, by the 30th of the month following receipt of Plaintiff's goods. Pursuant to the agreement, Plaintiff extended credit to Defendants, and accordingly sold and delivered to Defendants numerous quantities of goods from May 5, 2011 through and including September 1, 2011.  After the sale and delivery of goods, Plaintiff sent Defendants statements detailing the amount due.  Despite repeated demands, Defendants have refused to pay any part of the amount owed.  Compl. ¶ 19.

Plaintiff has alleged the existence of an agreement and Plaintiff's performance of that agreement by furnishing materials.  Plaintiff also has alleged Defendants' breach of the agreement by failing to pay Plaintiff for the materials, resulting in damage to Plaintiff.  Compl. ¶¶ 17-21.  Plaintiff has sufficiently stated a breach of contract claim.

### v.   Breach of Personal Guarantee

A guarantor makes a direct promise to perform the principal's obligation in the event the principal fails to perform. Thus, "the obligation of a guarantor as a surety is identical to that of the principal debtor." *Brunswick Corp. v. Hays*, 16 Cal App 3d 134, 137, 93 Cal. Rptr. 635 (1971).  On November 1, 2010, Defendant Mary Williams, Aeroplate's CEO, signed a guaranty purporting to personally guarantee any obligation, indebtedness or liability incurred by Defendant Aeroplate. (Doc. 9).  Defendant Mary Williams has failed to perform her obligations under the Personal Guaranty Agreement.  Accordingly, Defendant Mary Williams  shares liability with Defendant Aeroplate for the entire amount of the money owed by Defendants.  (Doc. 9, Ex. 3. (Personal Guaranty Agreement)). These allegations are sufficient to establish liability on Plaintiff's breach of personal guarantee claim.

### vi.   Miller Act

Plaintiff's sole claim against Defendant Patterson is for a violation of the Miller Act.  The Miller Act provides that an aggrieved party may bring an action "on the payment bond for the amount unpaid at the time the civil action is brought and may prosecute the action to final execution and judgment for the amount due." 40 U.S.C. § 3133(b)(1). To state a valid Miller Act claim, a plaintiff must sufficiently allege that: (1) it supplied labor or materials "in carrying out work provided for in a contract for which

a payment bond [was] furnished under section 3131;" (2) it has not been paid; and (3) it had a good faith belief that the labor or materials supplied were intended for the specific work. 40 U.S.C. § 3133(b)(1); *United States ex rel. Thyssenkrupp Safway, Inc. v. Tessa Structures, LLC*, 2011 U.S. Dist. LEXIS 46044 (E. D. Va. Apr. 27, 2011) (quoting *United States ex rel. Tenn. Valley Marble Holding Co. v. Grunley Constr.*, 433 F. Supp. 2d 104, 114 (D.D.C. 2006)).

Plaintiff's Complaint sufficiently alleges these three elements against Defendant Ronald D. Patterson, an individual doing business as a surety on the payment bond. Plaintiff alleges that on agreement, Patterson issued  a bond promising to assume responsibility for any debt owed to Plaintiff for the materials supplied to Aeroplate for work on the Project pursuant to 40 U.S.C. § 3131(b)(2). Compl. ¶ 4; Doc. 34 at 2.  Plaintiff alleges it supplied materials for work performed on the Project and Patterson failed to perform his obligation to pay the debt amount owed to Plaintiff. These allegations are sufficient to establish liability on Plaintiff's Miller Act claim.  Accordingly, Defendant Patterson is liable on the payment bond issued in the amount of $58,010.

**3.      The Sum of Money at Stake in the Action**

Under the fourth factor cited in *Eitel*, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct."  *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177; *see also Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 500 (C.D. Cal. 2003).  Here, Plaintiff seeks damages of $58,010.  This represents the outstanding amount unpaid by Defendants with interest. Consequently, the factor does not weigh against the entry of default judgment.

**4.      The Possibility of a Dispute Concerning Material Facts**

Given the sufficiency of the complaint, the documentation provided to the Court, and Defendants' default, no genuine dispute of material facts would preclude granting Plaintiff's application. *See Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

**5.      Whether Default is Due to Excusable Neglect**

Defendants were properly served, via valid personal service, with the summons and complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure.  (*See* Docs. 15-17).  Despite ample notice of this lawsuit, Defendants have not appeared in this action to date.  Thus, the record suggests that Defendants  have chosen not to defend this action, and not that the default resulted from any excusable

8

1   neglect.  Accordingly, this *Eitel* factor favors the entry of a default judgment.

2         **6.     The Strong Policy Favoring Decisions on the Merits**

3         "Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at

4   1472.  However, district courts have concluded with regularity that this policy, standing alone, is not

5   dispositive, especially where a defendant fails to appear or defend itself in an action. *PepsiCo, Inc.*, 238

6   F. Supp. 2d at 1177; *see also Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D.

7   Cal. Mar. 5, 2010).  Accordingly, although the Court is cognizant of the policy favoring decisions on the

8   merits—that policy is unavailable here because Defendants have not responded.  This factor does not

9   weigh against entry of default judgment.

10        Upon consideration of the *Eitel* factors, the Court concludes that Plaintiff is entitled to the entry

11  of default judgment against Defendants. The Court therefore recommends that Plaintiff's Motion for

12  Default Judgment should be GRANTED.

13  **C.   <u>Damages</u>**

14        A party's default conclusively establishes that party's liability, however it does not establish the

15  amount of damages.  *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam).

16  Therefore, the Court must consider the question of damages separately.  For it damages calculation,

17  Plaintiff asserts compensatory damages in the amount of $58,010.00 and $8,439.26 in interest (at 10%

18  per year) from September 1, 2011 to May 24, 2013 totaling $66,449.26. (Plaintiff's Supplemental

19  Briefing, Doc. 34 at 4).   This allegation is adequately supported by declarations and attached

20  documentation. Banks Decl. ¶ 14.  Accordingly, the Court GRANTS Plaintiff's request for damages in

21  the amount of $66,449.26  as to the claims of  goods sold and delivered; open book account; account

22  stated; breach of contract; breach of personal guarantee; and violations of the Miller Act.

23  **D.   <u>A</u>ttorney's Fees**

24        Finally, Plaintiff asks to be awarded its attorney's fees incurred in bringing this action.  More

25  particularly, Plaintiff's counsel Eli Karpeles declares that he expended a total of 30.60 hours at $285.00

26  an hour for a total attorney's fee award of $7,710.14. (Doc. 30 at 2).  Counsel Karpeles  has submitted

27  a declaration in support of his request.  Declaration of Eli Karpeles ("Karpeles Decl.") ¶ 6, (Doc. 14-1).

28        Under California law "a prevailing party may recover attorney's fees only when a statute or an

1  agreement of the parties provides for fee shifting." *Kirby v. Immoos Fire Protection, Inc.*, 53 Cal.4th

2  1244, 1248 (2012) ("[T]he 'American Rule' [is] that each party in a lawsuit ordinarily shall bear its own

3  attorney's fees unless there is express statutory authorization to the contrary."). California Civil Code

4  § 1717 states that attorney's fees, "[i]n any action on a contract, where the contract specifically provides

5  that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one

6  of the parties or to the prevailing party."

7        The contract with Defendants Aeroplate and Williams provided for attorney's fees, so it comes

8  under the exception to the American Rule.  The fees amount to $7,710.14 for 30.6 hours at $285 an hour

9  and $455 in court filing fees.  Karpeles Decl. ¶ 4.  The Court finds these fees to be reasonable and

10 awards such fees to Plaintiff against Defendants Aeroplate and Williams.[1]  Accordingly, the Court

11 recommends that Plaintiff's request for an award of attorney's fees related to Defendants Aeroplate and

12 Williams should be GRANTED.

13                                 **CONCLUSION**

14        For the above reasons, it is RECOMMENDED that:

15 1.  Plaintiff's Motion for Default Judgment against Defendants AEROPLATE CORPORATION and

16      MARY H. WILLIAMS as to the claims of goods sold and delivered; open book account; account

17      stated; breach of contract; and breach of personal guarantee be GRANTED;

18 2.  Plaintiff's Motion for Default Judgment against Defendant RONALD D. PATTERSON be

19      GRANTED as to the claim of violation of the Miller Act;

20 3.  Plaintiff's request for attorney's fees related to Defendants AEROPLATE CORPORATION and

21      MARY H. WILLIAMS be GRANTED;

22 4.  Plaintiff shall be awarded the following amount against Defendants AEROPLATE

23      CORPORATION and MARY H. WILLIAMS, jointly and severally: $58,010.00 based on the

24      principal amount of the bond, plus $8,439.26 in pre-judgment interest, for a total of $66,449.26,

25  _____

26        [1]     Plaintiff is not entitled to recover attorney's fees from Defendant Patterson.  Under the Miller Act, attorney's fee cannot be recovered in the absence of a contractual provision concerning attorney's fees. *F.D Rich Co. v. U.S.*

27 *ex. rel. Industrial Lumber Co.* 417 U.S. 116 (1974).  In its supplemental briefing, Plaintiff indicates that the agreement with Patterson did not include an express provision for attorney's fees, so it does not come under an exception to the American

28 Rule.  (Doc. 34 at 5).

1    plus post-judgment interest, as set for in 28 U.S.C. §1961, which interest shall accrue on the

2    principle amount of the judgment from the date of entry of judgment until paid in full.

3  5.    Plaintiff shall be awarded the following amount against Defendant RONALD D. PATTERSON:

4    $58,010.00, based on the principal amount of the bond, plus $8,439.26 in pre-judgment interest,

5    for a total amount of $66,449.26, plus post-judgment interest, as set for in 28 U.S.C. §1961,

6    which interest shall accrue on the principle amount of the judgment from the date of entry of

7    judgment until paid in full.

8  6.    Plaintiff be awarded attorney's fees in the amount of $7,710.14 and costs of suit in the amount

9    of $455 against AEROPLATE CORPORATION and MARY H. WILLIAMS for the total

10    amount of $8,165.14.

11    These findings and recommendations are submitted to the district judge assigned to this action,

12 pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local Rule 304.

13 Within fifteen (15) days of service of this recommendation, any party may file written objections to these

14 findings and recommendations with the Court and serve a copy on all parties. Such a document should

15 be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge

16 will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United

17 States Code section 636(b)(1)(C).

18    The parties are advised that failure to file objections within the specified time may waive the

19 right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

20  IT IS SO ORDERED.

21  **Dated:**   **July 11, 2013**    **/s/ Barbara A. McAuliffe**
     UNITED STATES MAGISTRATE JUDGE